1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Jessica Y. Lee, State Bar No. 282671
   E-Mail: jlee@hurrellcantrall.com
3  Blessing O. Ekpezu, State Bar No. 332308
   E-Mail: bekpezu@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES and DEPUTY OSCAR
   RAMOS
8

9                     **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  CRISTINA CALDERON RICO, an          FEDERAL CASE NO.:
13  individual,
                                        STATE CASE NO.: 21STCV18529
14            Plaintiff,                [Exempt Pursuant to *Gov't Code §*
                                        6103]
15       v.
                                        **NOTICE OF REMOVAL AND**
16  COUNTY OF LOS ANGELES, a            **REMOVAL OF ACTION UNDER 28**
    political subdivision of the State of **U.S.C. §§ 1441 AND 1446 ON**
17  California, DEPUTY OSCAR RAMOS,      **BEHALF OF DEFENDANTS**
    an individual, and DOES 1-99,       **COUNTY OF LOS ANGELES AND**
18  inclusive,                          **DEPUTY OSCAR RAMOS;**
                                        **DECLARATION OF BLESSING O.**
19            Defendants.               **EKPEZU**

20                                      **[State Action Assigned to Hon.**
                                        **Lawrence P. Riff, Dept. 51]**
21

22  TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

23       PLEASE TAKE NOTE that Defendants COUNTY OF LOS ANGELES

24  ("COLA") and DEPUTY OSCAR RAMOS ("Deputy Ramos") (collectively

25  "Defendants") hereby remove this action from the Superior Court of the County of

26  Los Angeles, Central District to the United States District Court, Central District of

27  California.  Defendants effect this removal pursuant to 28 U.S.C. §§ 1441 and 1446

28  on the following factual bases:

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1.     On May 17, 2021, Plaintiff CRISTINA CALDERON RICO ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, Central District in the action entitled *Cristina Calderon Rico v. County of Los Angeles, et al.*, Case No. 21STCV18529. Declaration of Blessing O. Ekpezu ("Ekpezu Decl."), ¶ 3.

2.     Plaintiff served the Summons and Complaint on COLA on June 9, 2021, and served Deputy Ramos on September 21, 2021. Ekpezu Decl., ¶ 4. The Summons and Complaint are attached as Exhibit "A" to the Declaration of Blessing O. Ekpezu.

3.     On December 1, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which was served on Defendants on December 1, 2021. The FAC is attached as Exhibit "B" to the Declaration of Blessing O. Ekpezu.

4.     The FAC alleges seven (7) federal civil rights claims against Defendants, namely: (1) Denial of Civil Rights under the First Amendment of the United States Constitution against Doe Defendants 1-99 brought pursuant to 42 USC § 1983; (2) Denial of Civil Rights under the First Amendment of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (3) Excessive Force/Sexual Assault under the Eight Amendment of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (4) Violation of Civil Rights/Substantive Due Process under the Fourteenth Amendment of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (5) Public Entity Liability - Failure to Train against COLA brought pursuant to 42 USC § 1983; (6) Public Entity Liability - *Monell* Claim under the Fourteenth Amendment of the United States Constitution against COLA brought pursuant to 42 USC § 1983 and; (7) Public Entity Liability - Ratification under the Fourteenth Amendment of the United States Constitution against COLA brought pursuant to 42 USC § 1983. Ekpezu Decl., Exhibit "B".

5.     Thus, this is a federal civil rights action over which this Court has

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  original jurisdiction as to all Defendants.  *See* 28 U.S.C. § 1331 ("The district courts

2  shall have original jurisdiction of all civil actions arising under the Constitution,

3  laws, or treaties of the United States.").  Accordingly, Defendants have the right to

4  remove this case to this Court.  *See* 28 U.S.C. § 1441(a) ("…any civil action brought

5  in a State court of which the district courts of the United States have original

6  jurisdiction, may be removed by the defendant or the defendants…"); 28 U.S.C. §

7  1446 (setting forth procedures for removal).

8      6.    Venue is proper in this Court as the alleged wrongful conduct occurred

9  in the County of Los Angeles and the named defendants reside therein.  28 U.S.C.

10  §§ 84(c)(2), 1391, 1446.

11      7.    This Notice of Removal is being filed with this Court less than 30 days

12  after Plaintiff served Defendants with the First Amended Complaint, which service

13  was made on December 1, 2021.  Ekpezu Decl., ¶ 7.

14      8.    This Notice of Removal is being contemporaneously filed in this Court

15  as well as the Superior Court of California, County of Los Angeles, Central District.

16  Ekpezu Decl., ¶ 8.

17

18  DATED: January 4, 2022          HURRELL CANTRALL LLP

19

20

21                        By: _____

22                        THOMAS C. HURRELL
                          JESSICA Y. LEE
23                        BLESSING O. EKPEZU
                          Attorneys for Defendants, COUNTY OF
24                        LOS ANGELES and DEPUTY OSCAR
                          RAMOS
25

26

27

28

**DECLARATION OF BLESSING O. EKPEZU, ESQ**

I, Blessing O. Ekpezu, Esq., declare:

1.    I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for Defendants COUNTY OF LOS ANGELES ( "COLA") and DEPUTY OSCAR RAMOS ("Deputy Ramos") (collectively "Defendants") herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    I make this declaration in support of Defendants' Notice of Removal and Removal of Action Under 28 U.S.C. §§ 1441 and 1446.

3.    On May 17, 2021, Plaintiff CRISTINA CALDERON RICO ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, Central District in the action entitled *Cristina Calderon Rico v. County of Los Angeles, et al.*, Case No. 21STCV18529.

4.    Plaintiff served the Summons and Complaint on COLA on June 9, 2021, and served Deputy Ramos on September 21, 2021. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit "A".

5.    On December 1, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which was served on Defendants on December 1, 2021. A true and correct copy of the FAC is attached hereto as Exhibit "B".

6.    The FAC alleges seven (7) federal civil rights claims against Defendants, namely: (1) Denial of Civil Rights under the First Amendment of the United States Constitution against Doe Defendants 1-99 brought pursuant to 42 USC § 1983; (2) Denial of Civil Rights under the First Amendment of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (3) Excessive Force/Sexual Assault under the Eight Amendment of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (4) Violation of Civil Rights/Substantive Due Process under the Fourteenth Amendment

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-1-

of the United States Constitution against Deputy Ramos brought pursuant to 42 USC § 1983; (5) Public Entity Liability - Failure to Train against COLA brought pursuant to 42 USC § 1983; (6) Public Entity Liability - *Monell* Claim under the Fourteenth Amendment of the United States Constitution against COLA brought pursuant to 42 USC § 1983 and; (7) Public Entity Liability - Ratification under the Fourteenth Amendment of the United States Constitution against COLA brought pursuant to 42 USC § 1983.

7.    This Notice of Removal is being filed with this Court less than 30 days after Plaintiff served Defendants with the First Amended Complaint, which service was made on December 1, 2021.

8.    This Notice of Removal is being contemporaneously filed in this Court as well as the Superior Court of California, County of Los Angeles, Central District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 4, 2022, at Los Angeles, California.

/s/ Blessing O. Ekpezu
Blessing O. Ekpezu, Esq.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2021 05:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV18529

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES, a political subdivision of the State of
California, DEPUTY RAMOS, an individual; and DOES 1-99, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRISTINA CALDERON RICO, an individual

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2021 JUN -9 A II: 19

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV18529 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Romero (SBN 249000) 80 S. Lake Avenue, Suite 880, Pasadena CA 91101, (626) 396-9900

| DATE:<br>*(Fecha)* 05/17/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by *(Secretario)* M. Barel , Deputy<br>*(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* County of Los Angeles, a political subdivision of the State of California

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  CCP 416.50 (public entity)

4. ☒ by personal delivery on *(date):* 6/9/21

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

21STCV18529

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2021 05:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Alan Romero (SBN 249000)
Edward S. Wells (SBN 321696)
ROMERO LAW, APC
80 S. Lake Avenue, Suite 880
Pasadena, CA 91101-2672
Tel: (626) 396-9900 / Fax: (626) 396-9990
Email: firm@romerolaw.com

Attorneys for Plaintiff
CRISTINA CALDERON RICO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| CRISTINA CALDERON RICO, an individual; | Case No.: 21STCV18529 |
| Plaintiff, | **UNLIMITED COMPLAINT FOR DAMAGES** |
| v. | |
| COUNTY OF LOS ANGELES, a political subdivision of the State of California, DEPUTY RAMOS, an individual, and DOES 1-99, inclusive; | (1) SEXUAL HARASSMENT IN DEFINED RELATIONSHIP<br>(2) BANE ACT<br>(3) RALPH ACT<br>(4) PUBLIC ENTITY LIABILITY FOR FAILURE TO PERFORM MANDATORY DUTY |
| Defendants. | |

**COMES NOW THE Plaintiff** CRISTINA CALDERON RICO ("Plaintiff"), who heretofore alleges the following facts in support of their Unlimited Complaint for Damages and hereby respectfully demands *a speedy jury trial* on all causes of action stated herein as against COUNTY OF LOS ANGELES ("COLA"), DEPUTY RAMOS ("Ramos"), who along with DOES 1-99, inclusive, is referred to herein as the "Defendants".

## CASE SYNOPSIS

1.     Plaintiff was an inmate at the Century Regional Detention Facility where she was repeatedly sexually abused by Los Angeles County Sheriff's Deputies over the course of multiple months while she remained in custody.

1

**UNLIMITED COMPLAINT FOR DAMAGES**

2.      The Los Angeles County Sheriff's Department failed to prevent or properly investigate the sexual abuse of Plaintiff.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Jurisdiction and Venue

3.      This Court has jurisdiction of the subject matter of Plaintiff's claims. Jurisdiction is proper in this Court because the damages and claims alleged and demanded herein by Plaintiff exceeds $25,000, and Plaintiff herein does make a demand and prayer for damages, in excess, of the jurisdictional limit of this Court.

4.      This Court has personal jurisdiction over Defendant COLA in that it was, at all relevant periods of time covered by this complaint, a political subdivision of the State of California maintaining hundreds of places of business in the County of Los Angeles.

5.      This Court has personal jurisdiction over Defendant Ramos in that he was, at all relevant periods of time covered by this complaint, a resident of the County of Los Angeles.

6.      Venue in this Court is proper in that, upon information and belief, Defendants reside in the County of Los Angeles.

7.      All the harm suffered by Plaintiff took place within this judicial district.

### The Plaintiff

8.      Plaintiff was, at all relevant periods of time covered by this complaint, an inmate at the Century Regional Detention Facility located in the City of Los Angeles, County of Los Angeles

### The Defendants

9.      Defendant COLA is a public entity who maintains a place of business, where it injured Plaintiff at 11705 S. Alameda Street, Los Angeles, CA 90059.

10.     Defendant Ramos is an individual who, upon information and belief, maintains his principal residence in the County of Los Angeles.

### Relationship Between the Defendants

11.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, were at all times mentioned herein the agents, servants, and employees of each other, or otherwise were acting with the full knowledge and consent of each other.  Plaintiff is further informed and believes, and upon such basis and belief alleges, that in doing all the things alleged in this complaint, Defendants, and each of them, were acting within the scope and authority of their

2

**UNLIMITED COMPLAINT FOR DAMAGES**

agency, servitude, or employment, and were acting with the express and/or implied knowledge, permission, and consent of one another. Plaintiff is further informed and believes, and upon such basis and belief alleges, that Defendants learned of, ratified, and/or approved the wrongful conduct of its agents and/or employees identified in this Complaint as having engaged in wrongful conduct.

12.    Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were business entities or individuals who owned, controlled, or managed the business which has damaged Plaintiff, and are each therefore jointly, severally, and individually liable to Plaintiff.

13.    Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were in some fashion, by contract or otherwise, the successor, assignor, indemnitor, guarantor, or third-party beneficiary of one or more of the remaining Defendants, and at all relevant times to Plaintiff's claims alleged herein, were acting within that capacity. Plaintiff further alleges that Defendants, and each of them, assumed the liabilities of the other Defendants, by virtue of the fact that each to some degree, wrongfully received and/or wrongfully benefited from the flow of assets from the other Defendants, to the detriment of Plaintiff. Plaintiff further alleges that by wrongfully receiving and/or benefiting from Defendants' assets, and in the consummation of such transactions, a *de facto* merger of the Defendants, and each of them, resulted, such that Defendants, and each of them, may be treated as one for purposes of this Complaint.

14.    Plaintiff is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, were the partners, agents, servants, employees, joint venturors, or co-conspirators of each other defendant, and that each defendant was acting within the course, scope, and authority of such partnership, agency, employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and approved the acts of the remaining Defendants, and each of them.

## Factual Allegations

15.    Plaintiff (Booking No. 5716672) was an inmate at the Century Regional Detention Facility ("CRDF"), a facility operated by the Los Angeles County Sheriff's Department.

**UNLIMITED COMPLAINT FOR DAMAGES**

16.     Beginning on <u>September 15, 2019</u>, Defendant RAMOS, a Los Angeles County Sheriff's Deputy committed a series of sexual batteries against Plaintiff, with the last such sexual battery taking place on <u>June 8, 2020</u>.

17.     The assailant, Ramos, is a Los Angeles County Sheriff's Deputy, who was, and presently is, assigned to CRDF. Ramos is approximately 38-40 years old, a dark-skinned, male Latino Spanish speaker who is approximately 6'1", muscular, with no visible tattoos.

18.     Plaintiff was a trustee, and her fellow co-trustees Eva Aguilar Hernandez (Booking No. 5277064) and Rose [Last Name Unknown] would corroborate some or all of the herein allegations. Ramos was responsible for supervising female trustees in Plaintiff's housing unit, including Plaintiff.

19.     Ramos would force Plaintiff to lift up her clothing and brassiere to expose her breasts to Ramos upon demand. Ramos threatened Plaintiff, telling her if she did not comply, that he would ensure that she lost her good-time credits, which would extend her incarceration. Ramos used his professional law enforcement status to force Plaintiff to comply with these unlawful sexual demands, threatening to increase the length of her incarceration if she did not comply. Thus, Plaintiff had no other choice but to comply with Ramos' escalating sexual demands. Cameras would corroborate Plaintiff's allegation that Ramos spent an inordinate time outside of Plaintiff's pod and would touch her frequently on top of her clothes during Plaintiff's movement to and from her pod.

20.     Ramos told Plaintiff that he would reward her with privileges for continuing to comply with his demands to disrobe, going so far as to tell her that he wanted to take her to a motel on the day of her release and perform anal sex on her.

21.     Ramos' sexual demands escalated to the point where he began to demand that Plaintiff perform oral sex upon him at CRDF, but he was unable to find a place for Plaintiff to be forced to do so due to camera placement in the facility. Ramos told Plaintiff that he would find a vacant pod for her to be forced to perform oral sex on him. Plaintiff was in fear of being raped by Ramos during the entire period of time of her incarceration.

22.     Nearly every time that Ramos was in proximity to Plaintiff, he would put his hands on her waist and buttocks. This caused Plaintiff fear and emotional distress. The abuse ceased for six months while Plaintiff was reassigned from CRDF to a fire camp in Malibu on <u>November 5,</u>

4

UNLIMITED COMPLAINT FOR DAMAGES

2019. Prior to this point, Plaintiff was housed in Unit 24 with Ramos. Ramos was responsible for supervising female trustees in Unit 24.

23.     Plaintiff was reassigned to CRDF on May 6, 2020, and was housed in Unit 33, where Ramos continued to have access to Plaintiff. Upon her return to CRDF, Ramos' aggressive sexual behavior toward Plaintiff escalated.

24.     On June 8, 2020 at approximately 11:30 A.M., Ramos ordered Plaintiff to strip in her cell (Unit 31), and then later ordered her to a closet where there were no cameras, and forced her to strip her clothes off, pull down her pants and bend over facing away from him. Ramos told Plaintiff to look at his erection visible through his uniform. Ramos told Plaintiff that no one would ever believe her if she complained about the abuse.

25.     On another occasion, Ramos ordered Plaintiff to the bathroom and ordered her to take off her underwear and to insert fingers in her vagina. Plaintiff was afraid, and only partially complied with the order to masturbate in front of Ramos.

26.     Plaintiff did not complain about the sexual abuse at the hands of Ramos while at CRDF due to her fear that she would be punished for reporting allegations of abuse against a Deputy. Plaintiff is aware of another female inmate who made similar allegations of sexual abuse against a Deputy at CRDF, this inmate being retaliated against and punished by being put in administrative segregation and having privileges forfeited. Plaintiff did not want to be punished, and thus waited until her release to blow the whistle on this misconduct.

27.     Plaintiff took contemporaneous notes of the abuse suffered at the hands of Ramos, and concealed the notes in a Bible. However, Los Angeles County Sheriff's Department personnel inspected her Bible upon her transfer to a fire camp and confiscated (and ostensibly destroyed) these contemporaneous notes.

28.     Plaintiff also contemporaneously complained about the abuse to her criminal defense attorney during her incarceration.

29.     An investigator for the Internal Affairs Division of the Los Angeles County Sheriff's Department contacted Plaintiff after her release from custody to inquire as to sexual misconduct by another Deputy, an Asian-American, who sexually harassed Plaintiff, but whose conduct did not rise to the level of the sexual abuse inflicted upon her by Ramos.

UNLIMITED COMPLAINT FOR DAMAGES

**No Claims Arising from Privileged Conduct**

30.    In the avoidance of doubt, Plaintiff does not herein allege any claim for damages as against Defendants for any privileged action, such as the conducting of an investigation by a public entity.  Plaintiff, however, reserves the right to claim all damages arising out of *consequences or actions* resulting from, or occasioned by, such a privileged investigation by a public entity.

31.    Plaintiff expressly excludes from this Complaint any privileged act by any Defendant to this action that would otherwise result in a Special Motion to Strike pursuant to Code Civ. Proc. § 425.16.

**Public Entity Liability for Wrongful Acts of Its Employees**

32.    Pursuant to Gov. Code § 815.2, Defendant COLA is liable for injury proximately caused by acts or omissions of its employees within the scope of their employment if the act or omission would , apart from this section, have given rise to a cause of action against that employee or his personal representative.  Plaintiff heretofore alleges that the wrongful acts by Defendant Ramos and DOES 1-99, inclusive, caused the injuries to her as set forth in this complaint, in that these acts or omissions would have given rise to a cause of action against them and in favor of Plaintiff, independent of Gov. Code § 815.2.

33.    Further, pursuant to Gov. Code § 820, Defendants Ramos and DOES 1-99, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.  Plaintiff further alleges that Defendants Ramos and DOES 1-99, inclusive, caused her injuries, as set forth in his complaint, and are therefore liable to her for damages arising out of those injuries as authorized by Gov. Code § 820.

**Exhaustion of Administrative Remedies**

34.    Plaintiff presented a Government Tort Claim to COLA on September 28, 2020.  COLA denied the claim by letter dated December 23, 2020.  This lawsuit has been brought within six months of this denial letter as authorized by Gov. Code § 945.6(a)(1).

/ / /

/ / /

6

**UNLIMITED COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT IN DEFINED RELATIONSHIP

### Civ. Code § 51.9

### (Against All Defendants)

35.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein.  Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

36.     Plaintiff was a custody inmate of the Los Angeles County Sheriff's Department, and Ramos was a licensed, sworn California peace officer who was entrusted with Plaintiff's custody and safety.

37.     During the times relevant to this action, Plaintiff depended on the County of Los Angeles for her safety, security, housing, and other necessities. In that respect, Defendant County of Los Angeles had a special relationship with Plaintiff.

38.     During some time relevant to this action, Plaintiff was supervised by Defendant Ramos, in that Plaintiff was an inmate trustee and Defendant Ramos was responsible for supervising certain female trustees, including Plaintiff.

39.     Ramos made sexual advances, sexual solicitations, sexual requests, and/or demands for sexual compliance to Plaintiff.  Further, Ramos engaged in verbal, visual, and physical conduct of a sexual nature. Ramos made such sexual advances, solicitations, requests, and/or demands in the scope of his supervision of Plaintiff as an inmate trustee, and at later times.

40.     Ramos' conduct was unwelcome and also pervasive or severe.

41.     Plaintiff has suffered, or will suffer, economic loss or disadvantage, personal injury, and/or the violation of a statutory of constitutional right as a result of Ramos' conduct.

42.     Defendant COLA is liable for Ramos' misconduct in violation of Civ. Code § 51.9 pursuant to Gov. Code §§ 815.2 & 820.

43.     In doing the things herein alleged, the acts and conduct of Ramos constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §3294(c)), in that these acts were intended by Ramos to cause injury to Plaintiff and/or constituted despicable conduct carried on by Ramos with willful and conscious disregard of the rights of Plaintiff, with the intention

**UNLIMITED COMPLAINT FOR DAMAGES**

of Ramos to deprive Plaintiff of property and legal rights, and were authorized or approved by Ramos, justifying an award of exemplary and punitive damages in an amount according to proof, in order to deter Ramos from similar conduct in the future, should be made.

## SECOND CAUSE OF ACTION

### BANE ACT

### Civ. Code § 52.1 / 8th Amendment / 14th Amendment / Cal. Const. article 1 § 17

### (Against All Defendants)

44.    Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

45.    Defendant Ramos perpetrated repeated sexual harassment and assault against Plaintiff in violation of her rights under the 8th and 14th Amendments to the United States Constitution, and article 1, section 17 of the California Constitution. Defendant Ramos's bad acts additionally violated Plaintiff's rights under Civ. Code §§ 51.7, 51.9, Pen. Code §§ 243.4 & 647a, and provisions of the Los Angeles County Sheriff's Department Manual of Policies and Procedures, including but not limited to §§ 2-09/010.00 - Functions and Responsibilities, 3-01/000/00 - Policy and Ethics, 3-01/000.10 - Professional Conduct, 3-01/000.13 - Professional Conduct - Core Values, 3-01/005.00 - Accountability, 3-01/020.05 - Extent of Supervision, 3-01/020.10 - Implementing Supervision, 3-01/020.25 - Chain of Responsibility,  3-01/020.30 - Responsibility for Subordinate Supervisors, 3-01/020.35 - Organizational Control, 3-01/020.40 - Delegation of Authority, 3-01/020.60 - Responsibility for Subordinates, 3-01/020.70 - Responsibility for Conduct of Subordinates, 3-01/030.05 - General Behavior, 3-01/030.06 - Disorderly Conduct, 3-01/030.07 - Immoral Conduct, 3-01/030.10 - Obedience to Laws, Regulations, and Orders, 3-01/030.13 - Relationships and Mentoring, 3-01/030.15 - Conduct Toward Others, 3-01/030.23 - Workplace Violence, 3-01/030.26 - Violation of Workplace Violence Policy, 3-01/030.28 - Reporting of Workplace Violence and/or Retaliation, 3-01/030.85 - Derogatory Language, 3-01/040.97 - Safeguarding Persons in Custody, 3-01/050.05 - Performance of Duty, 3-01/050.10 - Performance to Standards, 3-01/050.15 - Duties of Deputy Personnel, 3-01/050.20 - Duties of All Members, 3-01/110.35 - Transportation of Females, 3-02/050.05 -

8

1  Employees' Safety Responsibilities, 3-02/050.10 - Supervisors' Safety Responsibilities, 3-

2  02/050.15 - Managers' Safety Responsibilities.

3       46.     By seeking to find a place off-camera at the jail to rape Plaintiff, and by other bad

4  acts set forth in the foregoing paragraphs, Defendant Ramos attempted to violate Plaintiff's rights

5  under the 8th and 14th Amendments to the United States Constitution, and article 1, section 17 of

6  the California Constitution, Civ. Code §§ 51.7, 51.9, Pen. Code §§ 243.4 & 647a, and provisions

7  of the Los Angeles County Sheriff's Department Manual of Policies and Procedures, including but

8  not limited to §§ 2-09/010.00 - Functions and Responsibilities, 3-01/000/00 - Policy and Ethics, 3-

9  01/000.10 - Professional Conduct, 3-01/000.13 - Professional Conduct - Core Values, 3-01/005.00

10  - Accountability, 3-01/020.05 - Extent of Supervision, 3-01/020.10 - Implementing Supervision,

11  3-01/020.25 - Chain of Responsibility,  3-01/020.30 - Responsibility for Subordinate Supervisors,

12  3-01/020.35 - Organizational Control, 3-01/020.40 - Delegation of Authority, 3-01/020.60 -

13  Responsibility for Subordinates, 3-01/020.70 - Responsibility for Conduct of Subordinates, 3-

14  01/030.05 - General Behavior, 3-01/030.06 - Disorderly Conduct, 3-01/030.07 - Immoral Conduct,

15  3-01/030.10 - Obedience to Laws, Regulations, and Orders, 3-01/030.13 - Relationships and

16  Mentoring, 3-01/030.15 - Conduct Toward Others, 3-01/030.23 - Workplace Violence, 3-

17  01/030.26 - Violation of Workplace Violence Policy, 3-01/030.28 - Reporting of Workplace

18  Violence and/or Retaliation, 3-01/030.85 - Derogatory Language, 3-01/040.97 - Safeguarding

19  Persons in Custody, 3-01/050.05 - Performance of Duty, 3-01/050.10 - Performance to Standards,

20  3-01/050.15 - Duties of Deputy Personnel, 3-01/050.20 - Duties of All Members, 3-01/110.35 -

21  Transportation of Females, 3-02/050.05 - Employees' Safety Responsibilities, 3-02/050.10 -

22  Supervisors' Safety Responsibilities, 3-02/050.15 - Managers' Safety Responsibilities.

23       47.     By threats, intimidation, or coercion, Defendants caused Plaintiff to reasonably

24  believe that if she exercised her right to complaint about sexual abuse and harassment by Ramos in

25  violation of the law, that Ramos would commit violence against her and that Ramos had the apparent

26  ability to carry out those threats.  Ramos violated the following laws in this respect: the 8th and 14th

27  Amendments to the United States Constitution, Cal. Const. art. 1 § 17, Civ. Code §§ 51.7, 51.9, Pen.

28  Code §§ 243.4 & 647a, and provisions of the Los Angeles County Sheriff's Department Manual of

Policies and Procedures, including but not limited to §§ 2-09/010.00 - Functions and

Responsibilities, 3-01/000/00 - Policy and Ethics, 3-01/000.10 - Professional Conduct, 3-01/000.13

9

**UNLIMITED COMPLAINT FOR DAMAGES**

- Professional Conduct - Core Values, 3-01/005.00 - Accountability, 3-01/020.05 - Extent of Supervision, 3-01/020.10 - Implementing Supervision, 3-01/020.25 - Chain of Responsibility, 3-01/020.30 - Responsibility for Subordinate Supervisors, 3-01/020.35 - Organizational Control, 3-01/020.40 - Delegation of Authority, 3-01/020.60 - Responsibility for Subordinates, 3-01/020.70 - Responsibility for Conduct of Subordinates, 3-01/030.05 - General Behavior, 3-01/030.06 - Disorderly Conduct, 3-01/030.07 - Immoral Conduct, 3-01/030.10 - Obedience to Laws, Regulations, and Orders, 3-01/030.13 - Relationships and Mentoring, 3-01/030.15 - Conduct Toward Others, 3-01/030.23 - Workplace Violence, 3-01/030.26 - Violation of Workplace Violence Policy, 3-01/030.28 - Reporting of Workplace Violence and/or Retaliation, 3-01/030.85 - Derogatory Language, 3-01/040.97 - Safeguarding Persons in Custody, 3-01/050.05 - Performance of Duty, 3-01/050.10 - Performance to Standards, 3-01/050.15 - Duties of Deputy Personnel, 3-01/050.20 - Duties of All Members, 3-01/110.35 - Transportation of Females, 3-02/050.05 - Employees' Safety Responsibilities, 3-02/050.10 - Supervisors' Safety Responsibilities, 3-02/050.15 - Managers' Safety Responsibilities.

48.     Ramos intended to deprive Plaintiff of her enjoyment of the interests protected by the right to be free from sexual harassment and abuse in violation of the 8th and 14th Amendments to the United States Constitution, Cal. Const. art. 1 § 17, Civ. Code §§ 51.7, 51.9, Pen. Code §§ 243.4 & 647a, and provisions of the Los Angeles County Sheriff's Department Manual of Policies and Procedures, including but not limited to §§ 2-09/010.00 - Functions and Responsibilities, 3-01/000/00 - Policy and Ethics, 3-01/000.10 - Professional Conduct, 3-01/000.13 - Professional Conduct - Core Values, 3-01/005.00 - Accountability, 3-01/020.05 - Extent of Supervision, 3-01/020.10 - Implementing Supervision, 3-01/020.25 - Chain of Responsibility, 3-01/020.30 - Responsibility for Subordinate Supervisors, 3-01/020.35 - Organizational Control, 3-01/020.40 - Delegation of Authority, 3-01/020.60 - Responsibility for Subordinates, 3-01/020.70 - Responsibility for Conduct of Subordinates, 3-01/030.05 - General Behavior, 3-01/030.06 - Disorderly Conduct, 3-01/030.07 - Immoral Conduct, 3-01/030.10 - Obedience to Laws, Regulations, and Orders, 3-01/030.13 - Relationships and Mentoring, 3-01/030.15 - Conduct Toward Others, 3-01/030.23 - Workplace Violence, 3-01/030.26 - Violation of Workplace Violence Policy, 3-01/030.28 - Reporting of Workplace Violence and/or Retaliation, 3-01/030.85 - Derogatory Language, 3-01/040.97 - Safeguarding Persons in Custody, 3-01/050.05 - Performance

10

of Duty, 3-01/050.10 - Performance to Standards, 3-01/050.15 - Duties of Deputy Personnel, 3-01/050.20 - Duties of All Members, 3-01/110.35 - Transportation of Females, 3-02/050.05 - Employees' Safety Responsibilities, 3-02/050.10 - Supervisors' Safety Responsibilities, 3-02/050.15 - Managers' Safety Responsibilities.

49.     Plaintiff was harmed.

50.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

51.     Defendant County of Los Angeles is liable for Defendant Ramos's violation of the Bane Act as provided by Gov't. Code §§ 815.2 and 820.

52.     In doing the things herein alleged, the acts and conduct of Ramos constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §3294(c)), in that these acts were intended by Ramos to cause injury to Plaintiff and/or constituted despicable conduct carried on by Ramos with willful and conscious disregard of the rights of Plaintiff, with the intention of Ramos to deprive Plaintiff of property and legal rights, and were authorized or approved by Ramos, justifying an award of exemplary and punitive damages in an amount according to proof, in order to deter Ramos from similar conduct in the future, should be made.

## THIRD CAUSE OF ACTION

### RALPH ACT

### Civ. Code § 51.7

### (Against All Defendants)

53.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

54.     Defendants committed a violent act against Plaintiff.

55.     A substantial motivating reason for Defendants' conduct was Plaintiff's sex.

56.     Plaintiff was harmed.

57.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

58.     Defendant County of Los Angeles is liable for Defendant Ramos's conduct in violation of the Ralph Act as provided by Gov't Code §§ 815.2 and 820. Plaintiff additionally proceeds directly against Defendant County of Los Angeles under the Ralph Act.

11

**UNLIMITED COMPLAINT FOR DAMAGES**

59.     In doing the things herein alleged, the acts and conduct of Ramos constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §3294(c)), in that these acts were intended by Ramos to cause injury to Plaintiff and/or constituted despicable conduct carried on by Ramos with willful and conscious disregard of the rights of Plaintiff, with the intention of Ramos to deprive Plaintiff of property and legal rights, and were authorized or approved by Ramos, justifying an award of exemplary and punitive damages in an amount according to proof, in order to deter Ramos from similar conduct in the future, should be made.

## FOURTH CAUSE OF ACTION

### PUBLIC ENTITY LIABILITY FOR FAILURE TO PERFORM MANDATORY DUTY

### Gov. Code § 815.6

### (Against All Defendants)

60.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

61.     Defendants violated the law by permitting Deputies to sexually abuse and sexually harass female inmates at CRDF in violation of: the 8th and 14th Amendments to the United States Constitution, Cal. Const. art. 1 § 17, Civ. Code §§ 51.7, 51.9, Pen. Code §§ 243.4 & 647a, and provisions of the Los Angeles County Sheriff's Department Manual of Policies and Procedures, including but not limited to §§ 2-09/010.00 - Functions and Responsibilities, 3-01/000/00 - Policy and Ethics, 3-01/000.10 - Professional Conduct, 3-01/000.13 - Professional Conduct - Core Values, 3-01/005.00 - Accountability, 3-01/020.05 - Extent of Supervision, 3-01/020.10 - Implementing Supervision, 3-01/020.25 - Chain of Responsibility, 3-01/020.30 - Responsibility for Subordinate Supervisors, 3-01/020.35 - Organizational Control, 3-01/020.40 - Delegation of Authority, 3-01/020.60 - Responsibility for Subordinates, 3-01/020.70 - Responsibility for Conduct of Subordinates, 3-01/030.05 - General Behavior, 3-01/030.06 - Disorderly Conduct, 3-01/030.07 - Immoral Conduct, 3-01/030.10 - Obedience to Laws, Regulations, and Orders, 3-01/030.13 - Relationships and Mentoring, 3-01/030.15 - Conduct Toward Others, 3-01/030.23 - Workplace Violence, 3-01/030.26 - Violation of Workplace Violence Policy, 3-01/030.28 - Reporting of Workplace Violence and/or Retaliation, 3-01/030.85 - Derogatory Language, 3-01/040.97 -

Safeguarding Persons in Custody, 3-01/050.05 - Performance of Duty, 3-01/050.10 - Performance to Standards, 3-01/050.15 - Duties of Deputy Personnel, 3-01/050.20 - Duties of All Members, 3-01/110.35 - Transportation of Females, 3-02/050.05 - Employees' Safety Responsibilities, 3-02/050.10 - Supervisors' Safety Responsibilities, 3-02/050.15 - Managers' Safety Responsibilities.

62. Article 1, section 26 of the California Constitution provides that "[t]he provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.

63. Article 1, section 17 of the California Constitution is aimed at preventing harm of the same kind that Plaintiff suffered at the hands of Defendant Ramos.

64. During the times relevant to this litigation, Plaintiff depended on the County of Los Angeles for her safety, security, housing, and other necessities. The County of Los Angeles thereby had a special relationship with Plaintiff.

65. Plaintiff was harmed, and Defendants' failure to perform their duties were a substantial factor in causing Plaintiff's harm.

///

///

UNLIMITED COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as against Defendants as follows, for:

1) Compensatory damages in an amount according to proof at time of trial.

2) Attorney's fees and costs pursuant to all applicable statutes or legal principles, including, but not limited to the Civ. Code §§ 51.7, 51.9, 52.1, Code Civ. Proc. § 1021.5.

3) Costs of suit incurred.

4) Prejudgment interest on all amounts claimed as permitted by law.

5) Punitive or exemplary damages against the individual Defendants only. Plaintiff expressly does not seek punitive damages against Defendant County of Los Angeles.

6) Such other and further relief as the Court may deem proper.

**ROMERO LAW, APC**

Dated:  May 17, 2021                                    /s/
                                              **Alan Romero (SBN 249000)**
                                              **Edward S. Wells (SBN 321696)**
                                              **Attorneys for Plaintiff**
                                              **CRISTINA CALDERON RICO**


**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes demand for Jury Trial, and has concurrently posted the jury fee deposit.

**ROMERO LAW, APC**

Dated:  May 17, 2021                                    /s/
                                              **Alan Romero (SBN 249000)**
                                              **Edward S. Wells (SBN 321696)**
                                              **Attorneys for Plaintiff**
                                              **CRISTINA CALDERON RICO**

14

**UNLIMITED COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2021 05:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV18529

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alan Romero (SBN 249000), Edward S. Wells (SBN 321696)<br>ROMERO LAW, APC<br>80 S. Lake Avenue, Suite 880<br>Pasadena, CA 91101-2672 | |

TELEPHONE NO.: (626) 396-9900   FAX NO.: (626) 396-9990
ATTORNEY FOR *(Name):* Plaintiff Cristina Calderon Rico

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, Ca 90012
BRANCH NAME: Central District

CASE NAME:
Cristina Calderon Rico v. County of Los Angeles, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 21STCV18529 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2021
Alan Romero (SBN 249000)
_____(TYPE OR PRINT NAME)_____    ►    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cristina Calderon Rico v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Cristina Calderon Rico v. County of Los Angeles, et al. | CASE NUMBER | |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

Non-Personal Injury/Property Damage/Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cristina Calderon Rico v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Cristina Calderon Rico v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 N. Hill Street. |
|---|---|
| CITY:<br>Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __May 17, 2021__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's Fee Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/17/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV18529 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Dennis J. Landin | 51 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/18/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/18/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Alba _____ Deputy |
| PLAINTIFF:<br>Cristina Calderon Rico | |
| DEFENDANT:<br>County of Los Angeles et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21STCV18529 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/04/2021 | Time: 8:30 AM | Dept.: 51 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated:   05/18/2021                                    _____ Dennis J. Landin / Judge _____
                                                                                  Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Alan James Romero
80 S Lake Ave Suite 880

Pasadena, CA 91101                              Sherri R. Carter, Executive Officer / Clerk of Court

Dated:   05/18/2021                                    By _A. Alba_____
                                                                                  Deputy Clerk

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/20/2021 05:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Soto,Deputy Clerk

Alan Romero (SBN 249000)
Edward S. Wells (SBN 321696)
ROMERO LAW, APC
80 S. Lake Avenue, Suite 880
Pasadena, CA 91101-2672
Telephone: (626) 396-9900
Facsimile:  (626) 396-9990
Email: firm@romerolaw.com

Attorneys for Plaintiff
CRISTINA CALDERON RICO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| CRISTINA CALDERON RICO, an individual; | Case No.: 21STCV18529 |
| Plaintiff, | |
| vs. | **NOTICE OF POSTING JURY FEES** |
| COUNTY OF LOS ANGELES, a political subdivision of the State of California, DEPUTY RAMOS, an individual; and DOES 1-99, inclusive | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 20, 2021 Plaintiff CRISTINA CALDERON RICO posted their jury fees in the amount of $150.00 in the above-captioned matter pursuant to California *Code of Civil Procedure* Section 631(b).

1

**NOTICE OF POSTING JURY FEES**

1

2

3

4   Dated:  May 20, 2021

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROMERO LAW, APC


                                   /s/
                        ————————————————————
                        Alan Romero (SBN 249000)
                        Edward S. Wells (SBN 321696)
                        Attorneys for Plaintiff
                        CRISTINA CALDERON RICO

2

NOTICE OF POSTING JURY FEES

1

NOTICE OF POSTING JURY FEES

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

<u>**What is ADR?**</u>
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>**Advantages of ADR**</u>
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

<u>**Disadvantages of ADR**</u>
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

<u>**Main Types of ADR:**</u>

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# EXHIBIT "B"

1   Alan Romero (SBN 249000)
    Edward S. Wells (SBN 321696)
2   Lucas Rowe (SBN 298697)
    Yaqi Xie (SBN 333530)
3   ROMERO LAW, APC
    80 S. Lake Avenue, Suite 880
4   Pasadena, CA 91101-2672
    Tel: (626) 396-9900 / Fax: (626) 396-9990
5   Email: firm@romerolaw.com

6   Attorneys for Plaintiff
    CRISTINA CALDERON RICO

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

11

12   CRISTINA CALDERON RICO, an individual;        Case No.: 21STCV18529

13                    Plaintiff,                    **UNLIMITED FIRST AMENDED**
                                                    **COMPLAINT FOR DAMAGES**
14          v.
                                                    (1) DENIAL OF CIVIL RIGHTS – 1ST
15   COUNTY OF LOS ANGELES, a political                 AMENDMENT (42 U.S.C. § 1983)
     subdivision of the State of California, DEPUTY (2) DENIAL OF CIVIL RIGHTS – 1ST
16   OSCAR RAMOS, an individual, and DOES 1-            AMENDMENT (42 U.S.C § 1983)
     99, inclusive;                                 (3) EXCESSIVE FORCE / SEXUAL
17                                                      ASSAULT – 8TH AMENDMENT (42
                      Defendants.                       U.S.C. § 1983)
18                                                  (4) VIOLATION OF CIVIL RIGHTS – 14TH
                                                        AMENDMENT SUBSTANTIVE DUE
19                                                      PROCESS (42 U.S.C. § 1983)
                                                    (5) PUBLIC ENTITY LIABILITY – FAILURE
20                                                      TO TRAIN (42 U.S.C. § 1983)
                                                    (6) PUBLIC ENTITY LIABILITY –
21                                                      UNCONSTITUTIONAL POLICY OR
                                                        CUSTOM (42 U.S.C. § 1983)
22                                                  (7) PUBLIC ENTITY LIABILITY –
                                                        RATIFICATION (42 U.S.C. § 1983)
23

24

25

26                                    **1**

27          **UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

28

**COMES NOW THE Plaintiff** CRISTINA CALDERON RICO ("Plaintiff"), who heretofore alleges the following facts in support of her First Amended Complaint for Damages and hereby respectfully demands *a speedy jury trial* on all causes of action stated herein as against COUNTY OF LOS ANGELES ("Defendant County of Los Angeles"), DEPUTY OSCAR RAMOS ("Ramos"), who along with DOES 1-99, inclusive, is referred to herein as the "Defendants".

## CASE SYNOPSIS

1.      Plaintiff was an inmate at the Century Regional Detention Facility where she was repeatedly sexually abused by Los Angeles County Sheriff's Deputies over the course of multiple months while she remained in custody.

2.      The Los Angeles County Sheriff's Department failed to prevent or properly investigate the sexual abuse of Plaintiff. The Los Angeles County Sheriff's Department failed to discipline defendant Oscar Ramos for his sexual abuse of Plaintiff, even after the Department learned of Ramos's sexual abuse of Plaintiff.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Jurisdiction and Venue

3.      This Court has jurisdiction of the subject matter of Plaintiff's claims. Jurisdiction is proper in this Court because the damages and claims alleged and demanded herein by Plaintiff exceeds $25,000, and Plaintiff herein does make a demand and prayer for damages, in excess, of the jurisdictional limit of this Court.

4.      This Court has personal jurisdiction over Defendant County of Los Angeles in that it was, at all relevant periods of time covered by this complaint, a political subdivision of the State of California maintaining hundreds of places of business in the County of Los Angeles.

5.      This Court has personal jurisdiction over Defendant Ramos in that he was, at all relevant periods of time covered by this complaint, a resident of the County of Los Angeles.

6.      Venue in this Court is proper in that, upon information and belief, Defendants reside

2

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

1   in the County of Los Angeles.

2       7.      All the harm suffered by Plaintiff took place within this judicial district.

3                                   **The Plaintiff**

4       8.      Plaintiff was, at all relevant periods of time relevant to the harms she suffered as set

5   forth in this complaint, an inmate at the Century Regional Detention Facility located in the City of

6   Los Angeles, County of Los Angeles.

7       9.      At the time of filing this First Amended Complaint, Plaintiff is not an inmate of any

8   jail or prison.

9                                  **The Defendants**

10      10.     Defendant County of Los Angeles is a public entity who maintains a place of

11  business, where it injured Plaintiff at 11705 S. Alameda Street, Los Angeles, CA 90059.

12      11.     Defendant Ramos is an individual who, upon information and belief, maintains his

13  principal residence in the County of Los Angeles.

14      12.     Defendant Ramos acted under color of state law at all times relevant to this action.

15      13.     Defendant Ramos acted in the course and scope of his employment with the County

16  of Los Angeles at all times relevant to this action.

17                       **Relationship Between the Defendants**

18      14.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each

19  of them, were at all times mentioned herein the agents, servants, and employees of each other, or

20  otherwise were acting with the full knowledge and consent of each other. Plaintiff is further

21  informed and believes, and upon such basis and belief alleges, that in doing all the things alleged in

22  this complaint, Defendants, and each of them, were acting within the scope and authority of their

23  agency, servitude, or employment, and were acting with the express and/or implied knowledge,

24  permission, and consent of one another. Plaintiff is further informed and believes, and upon such

25  basis and belief alleges, that Defendants learned of, ratified, and/or approved the wrongful conduct

26  of its agents and/or employees identified in this Complaint as having engaged in wrongful conduct.

                                        3
                **UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

27

28

15.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were business entities or individuals who owned, controlled, or managed the business which has damaged Plaintiff, and are each therefore jointly, severally, and individually liable to Plaintiff.

16.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were in some fashion, by contract or otherwise, the successor, assignor, indemnitor, guarantor, or third-party beneficiary of one or more of the remaining Defendants, and at all relevant times to Plaintiff's claims alleged herein, were acting within that capacity. Plaintiff further alleges that Defendants, and each of them, assumed the liabilities of the other Defendants, by virtue of the fact that each to some degree, wrongfully received and/or wrongfully benefited from the flow of assets from the other Defendants to the detriment of Plaintiff. Plaintiff further alleges that by wrongfully receiving and/or benefiting from Defendants' assets, and in the consummation of such transactions, a *de facto* merger of the Defendants, and each of them, resulted, such that Defendants, and each of them, may be treated as one for purposes of this Complaint.

17.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, were the partners, agents, servants, employees, joint venturors, or co-conspirators of each other defendant, and that each defendant was acting within the course, scope, and authority of such partnership, agency, employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and approved the acts of the remaining Defendants, and each of them.

**Factual Allegations**

18.     Plaintiff (Booking No. 5716672) was an inmate at the Century Regional Detention Facility ("CRDF"), a facility operated by the Los Angeles County Sheriff's Department ("LASD"). She was serving a criminal sentence during times set forth herein, having been convicted of a crime.

19.     Beginning on <u>September 15, 2019</u>, Defendant Ramos, a Los Angeles County

**4**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

Sheriff's Deputy committed a series of sexual batteries against Plaintiff, with the last such sexual battery taking place on <u>June 8, 2020</u>.

20.     The assailant, Deputy Oscar Ramos, is a Los Angeles County Sheriff's Deputy, who was, and presently is, assigned to CRDF. Deputy Oscar Ramos is approximately 38-40 years old, a dark-skinned, male Latino Spanish speaker who is approximately 6'1", muscular, with no visible tattoos.

21.     Plaintiff was a trustee, and her fellow co-trustees Eva Aguilar Hernandez (Booking No. 5277064) and Rose [Last Name Unknown] would corroborate some or all of the herein allegations. Ramos was responsible for supervising female trustees in Plaintiff's housing unit, including Plaintiff.

22.     Ramos would force Plaintiff to lift her clothing and brassiere to expose her breasts to Ramos upon demand. Ramos threatened Plaintiff, telling her if she did not comply, that he would ensure that she lost her good-time credits, which would extend her incarceration. Ramos used his professional law enforcement status to force Plaintiff to comply with these unlawful sexual demands, threatening to increase the length of her incarceration if she did not comply. Thus, Plaintiff had no other choice but to comply with Ramos' escalating sexual demands. Cameras would corroborate Plaintiff's allegation that Ramos spent an inordinate time outside of Plaintiff's pod and would touch her frequently on top of her clothes during Plaintiff's movement to and from her pod.

23.     Ramos told Plaintiff that he would reward her with privileges for continuing to comply with his demands to disrobe, going so far as to tell her that he wanted to take her to a motel on the day of her release and perform anal sex on her.

24.     Ramos' sexual demands escalated to the point where he began to demand that Plaintiff perform oral sex upon him at CRDF, but he was unable to find a place for Plaintiff to be forced to do so due to camera placement in the facility. Ramos told Plaintiff that he would find a vacant pod for her to be forced to perform oral sex on him. Plaintiff was in fear of being raped by Ramos during the entire period of time of her incarceration.

---

**5**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

1      25.     Nearly every time that Ramos was in proximity to Plaintiff, he would put his hands on her waist and buttocks. This caused Plaintiff fear and emotional distress. The abuse ceased for six months while Plaintiff was reassigned from CRDF to a fire camp in Malibu on <u>November 5, 2019</u>. Prior to this point, Plaintiff was housed in Unit 24 with Ramos. Ramos was responsible for supervising female trustees in Unit 24.

      26.     Plaintiff was reassigned to CRDF on <u>May 6, 2020</u>, and was housed in Unit 33, where Ramos continued to have access to Plaintiff. Upon her return to CRDF, Ramos' aggressive sexual behavior toward Plaintiff escalated.

      27.     On <u>June 8, 2020,</u> at approximately 11:30 A.M., Ramos ordered Plaintiff to strip in her cell (Unit 31), and then later ordered her to a closet where there were no cameras, and forced her to strip her clothes off, pull down her pants and bend over facing away from him. Ramos told Plaintiff to look at his erection visible through his uniform. Ramos told Plaintiff that no one would ever believe her if she complained about the abuse.

      28.     On another occasion, Ramos ordered Plaintiff to the bathroom and ordered her to take off her underwear and to insert fingers in her vagina. Plaintiff was afraid, and only partially complied with the order to masturbate in front of Ramos.

      29.     Plaintiff did not complain about the sexual abuse at the hands of Ramos while at CRDF due to her fear that she would be punished for reporting allegations of abuse against a Deputy. Plaintiff is aware of another female inmate who made similar allegations of sexual abuse against a Deputy at CRDF, this inmate being retaliated against and punished by being put in administrative segregation and having privileges forfeited. Plaintiff did not want to be punished, and thus waited until her release to blow the whistle on this misconduct.

      30.     Plaintiff took contemporaneous notes of the abuse suffered at the hands of Ramos and concealed the notes in a Bible. However, Los Angeles County Sheriff's Department personnel inspected her Bible upon her transfer to a fire camp and confiscated (and ostensibly destroyed) these contemporaneous notes.

6

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

31.     Plaintiff also contemporaneously complained about the abuse to her criminal defense attorney during her incarceration.

32.     An investigator for the Internal Affairs Division of the Los Angeles County Sheriff's Department contacted Plaintiff after her release from custody to inquire as to sexual misconduct by another Deputy, an Asian-American, who sexually harassed Plaintiff, but whose conduct did not rise to the level of the sexual abuse inflicted upon her by Ramos.

33.     Further evidence exists that Defendant County of Los Angeles is not meeting its constitutional obligations and are not adequately protecting women inmates from sexual assault: the Prison Rape Elimination Act of 2003 ("PREA"), currently codified at 34 U.S.C. § 30301, et seq., mandates that correctional facilities protect inmates from sexual assault. A subsequently promulgated federal rule (28 C.F.R. 115.401) requires that agencies ensure that each of their correctional facilities is audited once every three years. Defendant County of Los Angeles has judicially admitted that at the time of the sexual assaults of Plaintiff, the CRDF had not undergone such a timely audit. Defendant County of Los Angeles has not performed a single PREA-mandated audit since the auditing was mandated in 2013.

34.     If Ramos had been adequately trained and supervised prior to the sexual abuse of Plaintiff, if Ramos' errant behavior had been timely investigated, if Ramos had been timely punished as a result, and if the CRDF had been properly audited, in compliance with federal standards and requirements, the sexual abuse of Plaintiff in this case could have been averted.

35.     Defendants owed a statutory and common law duty to protect Plaintiff from harm while she was in Defendant County of Los Angeles 's care and custody as an inmate at CRDF, but Defendant County of Los Angeles failed to protect Plaintiff from Ramos' repeated sexual harassment and sexual assault of Plaintiff.

### No Claims Arising from Privileged Conduct

36.     In the avoidance of doubt, Plaintiff does not herein allege any claim for damages as against Defendants for any privileged action, such as the conducting of an investigation by a public

7

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

entity. Plaintiff, however, reserves the right to claim all damages arising out of *consequences or actions* resulting from, or occasioned by, such a privileged investigation by a public entity.

37.     Plaintiff expressly excludes from this Complaint any privileged act by any Defendant to this action that would otherwise result in a Special Motion to Strike pursuant to Code Civ. Proc. § 425.16.

### Public Entity Liability for Wrongful Acts of Its Employees

38.     Pursuant to Gov. Code § 815.2, Defendant County of Los Angeles is liable for injury proximately caused by acts or omissions of its employees within the scope of their employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. Plaintiff heretofore alleges that the wrongful acts by Defendant Ramos and DOES 1-99, inclusive, caused the injuries to her as set forth in this complaint, in that these acts or omissions would have given rise to a cause of action against them and in favor of Plaintiff, independent of Gov. Code § 815.2.

39.     Further, pursuant to Gov. Code § 820, Defendants Ramos and DOES 1-99, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person. Plaintiff further alleges that Defendants Ramos and DOES 1-99, inclusive, caused her injuries, as set forth in his complaint, and are therefore liable to her for damages arising out of those injuries as authorized by Gov. Code § 820.

### Exhaustion of Administrative Remedies

40.     Plaintiff presented a Government Tort Claim to Defendant County of Los Angeles on September 28, 2020. Defendant County of Los Angeles denied the claim by letter dated December 23, 2020. This lawsuit has been brought within six months of this denial letter as authorized by Gov. Code § 945.6(a)(1).

//

//

//

**8**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

### FIRST CAUSE OF ACTION

### DENIAL OF CIVIL RIGHTS – 1ST AMEND. U.S. CONST.

### (42 U.S.C. § 1983)

### (Against DOE Defendants 1-99)

41.     Plaintiff incorporates by refence each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

42.     At all relevant times, Plaintiff was serving a sentence for a crime in the Century Regional Detention Facility, which is operated by Defendant County of Los Angeles.

43.     Plaintiff maintained contemporaneous notes documenting her sexual abuse at the hands of Defendant Oscar Ramos and others while she was incarcerated at Century Regional Detention Facility.

44.     At approximately the time when Plaintiff was forced to relocate to a fire camp in Malibu on November 5, 2019, DOE Defendants 1-99 inspected the Bible in which Plaintiff kept the contemporaneous notes of her sexual abuse at the hands of Defendant Oscar Ramos and others while she was incarcerated at Century Regional Detention Facility. Based on the contents of those notes, DOE Defendants 1-99 confiscated and destroyed them.

45.     DOE Defendants 1-99 acted under color of state law in the course of improperly confiscating and destroying Plaintiff's notes regarding the sexual abuse she suffered at Century Regional Detention Facility.

46.     Plaintiff has a First Amendment right to petition the government for redress of grievances, a First Amendment right to speak on matters of her confinement, including the abuse she suffered during it, and a First Amendment right to pursue legal remedies for her abuse in the courts. Plaintiff's notes recording her sexual abuse at the hands of Defendant Oscar Ramos and others while she was incarcerated at Century Regional Detention Facility were kept in the interest of all such rights. They were thus protected conduct under the First Amendment.

47.     DOE Defendants 1-99 had no legitimate correctional goal in destroying Plaintiff's

9

### UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES

notes.

48.    Plaintiff was thereby damaged.

49.    The conduct of DOE Defendants 1-99 was willful, wanton, malicious, or done with reckless disregard for Plaintiff's rights and therefore warrants the imposition of exemplary or punitive damages.

### SECOND CAUSE OF ACTION

### DENIAL OF CIVIL RIGHTS – 1ST AMEND. U.S. CONST.

### (42 U.S.C. § 1983)

### (Against Defendant Deputy Oscar Ramos)

50.    Plaintiff incorporates by refence each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

51.    At all relevant times, Plaintiff was serving a sentence for a crime in the Century Regional Detention Facility, which is operated by Defendant County of Los Angeles.

52.    Defendant Deputy Oscar Ramos threatened Plaintiff with retaliation if she complained about the abuse he inflicted on her. For example, Ramos threatened to revoke Plaintiff's good time credits if she complained about the sexual abuse he inflicted on her. He told her that no one would believe her if she complained about it.

53.    Such threats came in the context of Plaintiff's knowledge of another inmate who complained about sexual abuse by a deputy at Century Regional Detention Facility, who was put in solitary confinement in retaliation for the complaint. Consequently, Deputy Ramos's threats actually chilled her speech and prevented her from protesting his sexual abuse.

54.    Plaintiff was thereby damaged.

55.    Deputy Ramos acted under color of state law during all times applicable to this count.

56.    Plaintiff has a First Amendment right to speak about the abuse she suffered at the hands of Deputy Oscar Ramos, including but not limited to filing grievances with Century

10

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

Regional Detention Center regarding her mistreatment. Deputy Ramos knew that his actions were reasonably likely to make Plaintiff complain about them and purposely and knowingly sought to prevent that from happening.

57. Deputy Ramos's threats of retaliation if Plaintiff complained about the abuse he inflicted on her did not reasonably advance a legitimate correctional goal. It was unconnected to any legitimate correctional goal, and instead, was aimed at covering up conduct by Deputy Ramos that he knew was wrongful.

58. Deputy Ramos's conduct was willful, wanton, malicious, or done with reckless disregard for Plaintiff's rights and therefore warrants the imposition of exemplary or punitive damages.

## THIRD CAUSE OF ACTION

## EXCESSIVE FORCE / SEXUAL ASSAULT – 8TH AMEND. U.S. CONST.

## (42 U.S.C. § 1983)

## (Against Defendant Deputy Oscar Ramos)

59. Plaintiff incorporates by refence each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

60. At all relevant times, Plaintiff was serving a sentence for a crime in the Century Regional Detention Facility, which is operated by Defendant County of Los Angeles.

61. While Plaintiff was in the custody of the County of Los Angeles, in the Century Regional Detention Facility, serving a sentence for a crime, Deputy Oscar Ramos touched Plaintiff in a sexual manner, and engaged in other sexual conduct for his own sexual gratification, or for the purpose of humiliating, degrading, or demeaning Plaintiff.

62. Plaintiff was thereby harmed.

63. The force used by Deputy Oscar Ramos was unreasonable, unjustified, and offensive to human dignity. It was also with deliberate indifference to Plaintiff's rights.

64. Deputy Ramos acted under color of state law at all times relevant to this count.

**11**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

65.     As a result of Deputy Ramos's conduct, Plaintiff was harmed.

66.     Deputy Ramos's conduct was willful, wanton, malicious, sadistic, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of punitive and exemplary damages.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS / SUBSTANTIVE DUE PROCESS – 14TH AMEND. U.S. CONST. (42 U.S.C. § 1983)

### (Against Defendant Deputy Oscar Ramos)

67.     Plaintiff incorporates by refence each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

68.     At all relevant times, Plaintiff was serving a sentence for a crime in the Century Regional Detention Facility, which is operated by Defendant County of Los Angeles.

69.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United State Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

70.     Defendant Deputy Ramos, acting under color of state law as a Los Angeles County Sheriff's Deputy, sexually assaulted Plaintiff as set forth in this First Amended Complaint, and thereby deprived Plaintiff of her civil rights under the Fourteenth Amendment to the United States Constitution.

71.     The aforementioned actions of Deputy Ramos, along with undiscovered conduct, shock the conscience in that he acted with deliberate indifference to the constitutional rights of Plaintiff, and in that he acted with a purpose to harm Plaintiff.

72.     Plaintiff was harmed by Deputy Ramos's conduct.

73.     Deputy Ramos's conduct was willful, wanton, malicious, sadistic, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of punitive and exemplary damages.

**12**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**PUBLIC ENTITY LIABILITY - FAILURE TO TRAIN**

**(42 U.S.C. § 1983)**

**(Against Defendant County of Los Angeles)**

74.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

75.     Defendant Deputy Ramos deprived Plaintiff of her First, Eighth, and Fourteenth Amendment rights.

76.     Defendant Deputy Ramos acted under color of state law in so depriving Plaintiff of her First, Eighth, and Fourteenth Amendment rights.

77.     The training policies of Defendant County of Los Angeles were not adequate to prevent sexual assaults of prisoners by its employees at Century Regional Detention Facility.

78.     Defendant County of Los Angeles knew that Plaintiff was at substantial risk of being sexually assaulted by a deputy at CRDF, for reasons including but not limited the fact that it has been sued repeatedly by other female inmate plaintiffs for sexual harassment and assaults at the same facility, which harassment and assaults were carried out by deputy sheriffs. Nonetheless, Defendant County of Los Angeles did not adequately train its employees with respect to not sexually assaulting prisoners in the County's custody.

79.     Defendant County of Los Angeles was deliberately indifferent to the substantial risk that its policies were inadequate to prevent sexual assaults of prisoners by its employees at Century Regional Detention Facility, and the known or obvious consequences of its failure to train its employees adequately. Defendant County of Los Angeles has not done a single Prison Rape Elimination Act-mandated audit of Century Regional Detention Facility since 2013, the first year in which such audits were mandated. The County of Los Angeles is aware of the ongoing problem of

**13**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

its employees sexually assaulting prisoners in its custody, yet has affirmatively chosen not to discharge its duties under the Prison Rape Elimination Act.

80.    Defendant County of Los Angeles's failure to prevent sexual assaults of prisoners by its employees played a substantial part in bringing about or actually causing Plaintiff's injuries.

81.    Defendant County of Los Angeles failed to protect Plaintiff from Ramos' sexual harassment and assault by failing to properly train Ramos and certain DOE deputies who could have, and should have, otherwise intervened to stop Ramos' illegal and despicable acts of sexual harassment and sexual assault.

82.    Defendant County of Los Angeles 's training program was not adequate to train its employees, including defendant Ramos and certain defendant DOE deputies.

83.    Defendant County of Los Angeles knew because of a pattern of similar violations and the obviousness of violations, that the inadequate training program was likely to result in a deprivation of statutory and Constitutional rights to be free from sexual harassment and sexual assault.

84.    By failing to adequately train and supervise Ramos, Defendant County of Los Angeles caused Plaintiff's injuries.

85.    Defendant County of Los Angeles 's failure to provide adequate training was the cause of the deprivation of Plaintiff's rights pursuant to statutory law and the California and U.S. Constitutions.

## SIXTH CAUSE OF ACTION

## PUBLIC ENTITY LIABILITY – *MONELL* CLAIM

## (42 U.S.C. § 1983 - 14th Amendment, U.S. Const.)

## (Against Defendant County of Los Angeles)

86.    Plaintiff incorporates by refence each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

87.    Defendant Deputy Ramos deprived Plaintiff of her First, Eighth, and Fourteenth

**14**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

Amendment rights.

88.    Defendant Deputy Ramos acted under color of state law in so depriving Plaintiff of her First, Eighth, and Fourteenth Amendment rights.

89.    The official policy of the County of Los Angeles is to permit the sexual abuse of detainees and prisoners in its jails. Such policy is the moving force of Plaintiff's harms.

90.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, all Defendants acted with deliberate indifference to, and with conscious or reckless disregard for, the safety and constitutional rights of Plaintiff, maintained, enforced, tolerated, ratified, permitted, acquiesced to, or applied unconstitutional policies, practices, and customs, including but not limited to:

(a)    Facilitating an environment wherein female inmates, including Plaintiff, were subjected to sexual assault and failing to rectify the on-going conduct of deputies, including Deputy Ramos, who were responsible for said conduct, despite Defendant County of Los Angeles' knowledge of such.

(b)    Tolerating unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's rights under the Eighth and Fourteenth Amendments.

(c)    Tolerating unconstitutional customs, practices, and policies that deviate from written policy, but are so widespread that they operate with the force of law.

(d)    The continued victimization of Plaintiff and other female inmates at the CRDF by Deputy Ramos.

(e)    Failing to discharge its obligations under the Prison Rape Elimination Act, while knowing them, failing to submit to a federal PREA audit, and failing to meet baseline federal standards at the Century Regional Detention Facility.

(f)    The cover-up of violations of constitutional rights by any or all of the following:

i.    By failing to properly investigate and/or evaluate complaints or

15

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

incidents of sexual abuse.

        ii.      By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional and unlawful sexual abuse of female inmates.

        iii.     By allowing, tolerating, and/or encouraging deputies and jail personnel to not report instances of sexual abuse upon female inmates.

        iv.     To allow, tolerate and/or encourage a "code of silence" among deputies and LASD personnel, whereby a deputy or member of the department does not provide adverse information against a fellow deputy or member of LASD.

91.     In the alternative, Defendant County of Los Angeles failed to monitor Plaintiff's cell adequately, causing her to suffer repeated sexual harassment and assaults.

92.     Defendant County of Los Angeles failed to take reasonable available measures to abate Plaintiff's substantial risk of suffering serious harm by failing to comply with the requirements of PREA and its own policies and procedures.

93.     By failing to take reasonable available measures to abate Plaintiff's substantial risk of suffering serious harm, Defendant County of Los Angeles, through its employee deputy sheriffs and other CRDF staff, including Ramos, caused Plaintiff's injuries.

94.     Defendant County of Los Angeles has a decades-long and sordid history of inmate deaths and injuries in its jails, including sexual harassment and abuse of female inmates, caused by failure to adequately train, take corrective action to prevent the failure to properly provide reasonable security to inmates from one another, batteries by jailers, and failure to provide adequate medical care in its jails. This history is known to Alex Villanueva, the elected Sheriff during the times relevant to this action, just as it was known to his elected predecessors. Like his predecessors, Sheriff Villanueva has not taken action sufficient to curb or even meaningfully reduce the decades-long trend of violence, brutality, and callous disregard for human rights that is now commonplace in the jails administered by the Los Angeles County Sheriff's Department. It is that brutality and disregard for human rights that caused Plaintiff to become yet another victim of sexual harassment

16

<strong>UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES</strong>

1   and assault is the official policy of the County of Los Angeles for purposes of *Monell v. Dept. of*

2   *Soc. Servs.*, 436 U.S. 658 (1978).

3   **A brief history of the ongoing abuse of prisoners in County of Los Angeles jails that can only**

4   **be fairly described as the official policy of the County of Los Angeles**

5        95.    Beginning as early as June 1996, the United States Justice Department initiated its

6   inquiry into the conditions and operation of Defendant County of Los Angeles' jails. On September

7   5, 1997, the DOJ gave the Sheriff's Department, Defendant County of Los Angeles, and former

8   Sheriff Leroy Baca clear and unmistakable notice of constitutionally deficient jail conditions,

9   reporting its findings of continued and serious patterns of constitutional violations, and abuses of

10   inmates by LASD employees, among other things, in its jails. Sheriff Baca and the Sheriff's

11   Department's Executive Council reviewed the DOJ's findings and conclusions related to the

12   mismanagement of the Custody Division, the agency of the Sheriff's Department responsible for

13   managing Defendant County of Los Angeles' jails. Despite these findings, the constitutional

   violations, abuse, and deliberate indifference continues unabated.

14        96.    In 1999, under threat of litigation against the Sheriff and Defendant County of Los

15   Angeles by the United States DOJ, the Sheriff's Department and Defendant County of Los Angeles

16   submitted to a Memorandum of Understanding with the Department of Justice designed to curb the

17   pattern and practice of jail abuses and constitutional violations which required former Sheriff Baca,

18   the Sheriff's Department, and Defendant County of Los Angeles to recognize, address, and remedy

19   the dangerous conditions in Defendant County of Los Angeles' jails. Former Sheriff BACA

20   personally executed the Memorandum of Understanding and represented he would ensure

21   compliance by the Sheriff's Department. He did not do so. In 2006, after years of DOJ monitoring

22   the County's compliance with the MOU, the DOJ issued a report recounting Defendant County of

23   Los Angeles' continuing failure and refusal to correct the unconstitutional pattern and practices that

24   still afflict Defendant County of Los Angeles jails. Former Sheriff Baca and former Assistant Sheriff

25   Cecil Rhambo received and read the 2006 DOJ report yet continued to refuse to implement policies

26

**17**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

27

28

1  that would abate the prisoner abuse in Defendant County of Los Angeles' jails.

2  **Problems at CRDF Have Been On-Going for Years**

3  97.    On January 31, 2018, a *practice* PREA audit[1] was performed at CRDF. Th resulting,
4  highly critical 138-page report showed that CRDF failed to comply with 41 out of 43 categories of
5  performance. Among the many criticisms were that female inmates could be seen while showering
6  because there were either no doors or the doors were see-through, that male deputies frequently
7  failed to announce their presence when entering areas where female privacy would be expected, the
8  grievance process made complaints available to the very deputies about whom inmates might
9  complain and inmates felt that they would be retaliated against if they submitted grievances at all,
10  women who were in segregated cells were forced to deliver their grievances to deputies directly,
11  and some grievances marked "emergency" (often involving allegations of sexual assault or physical
12  violence) were remarked as "non-emergent" by deputy staff. The audit team interviewed 28 random
13  inmates and 21 random staff. Of the 28 random inmates, 7 reported sexual assault or abuse (25%).
14  The report discussed that, despite efforts by the "auditors" to obtain precise data related to sexual
15  assaults by staff (including by deputies), CRDF provided incomplete information making it
16  "[im]possible to establish the total number of allegations of sexual abuse or sexual harassment made,
17  nor was it possible to establish the dispositions for this total number of allegations." PREA audits
18  are supposed to occur not less than every three years by statutory requirement, but Defendant County
19  of Los Angeles has admitted (in discovery already obtained in this litigation) that it has not
20  conducted any PREA audits since the requirement was imposed in 2013. A true and correct copy of
21  the *practice* PREA audit is attached hereto as **Exhibit "A."**

22  98.    In November 2018, Defendant County of Los Angeles settled two lawsuits involving
23  three females "J.M." and "T.L." for $2,250,000, and Melissa Williams for $1,650,000, after

---

[1] This audit was a training exercise for certain Defendant County of Los Angeles employees to practice performing actual PREA audits.

**18**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

determining that Deputy Giancarlo Scotti[2] sexually assaulted them while they were incarcerated at CRDF in August and September 2017. At the time of the assaults, J.M. was five months pregnant. Deputy Giancarlo Scotti sexually assaulted both women and raped J.M. while they were incarcerated at CRDF in 2017 and 2018. Notably, J.M. and T.L., complained that they were retaliated against by other deputies at CDRF after reporting Scotti's sexual assaults.

99.     In February 2019, Defendant County of Los Angeles settled another Deputy Scotti sexual assault case – this time for the sum of $950,000.00. In this case, the female former-inmate plaintiff alleged that Scotti had sexually assaulted her in much the same manner as several other women who accused Scotti of the same illegal and depraved behavior.

100.     In October 2019, in *Smith v. County of Los Angeles*, No. 18-4214 (C.D. Cal. October 29, 2019), the County of Los Angeles settled a case in which jailer Deputy Giancarlo Scotti exposed himself to inmate Pauline Smith, demanded to see her breasts, groped her, forced her to masturbate him, and threatened to "make things worse for her" if she did not comply. Scotti later forced himself on Smith on several other occasions. Scotti committed these crimes after having been put on employment probation for similar acts, yet the County continued to allow Scotti to supervise female inmates. *See also* 2019 WL 8197884 (C.D.Cal.) (Verdict and Settlement Summary).

101.     In March 2020, Defendant County of Los Angeles settled another case involving three female plaintiffs for $1,700,000, each of whom had been sexually harassed and assaulted by Deputy Scotti while they were incarcerated at CRDF. Plaintiffs' complaint alleged that other deputies and Defendant County of Los Angeles were aware of the actions and reputation of Scotti but did nothing to remove him from the all-female detention facility that is CRDF.

102.     In July 2020, Jacqueline Kroll, a woman who suffered from schizophrenia, bipolar disorder and post-traumatic stress disorder, brought a lawsuit against Defendant County of Los

---

[2] Giancarlo Scotti is a former Deputy Sheriff with LASD. He was accused of committing not less than six rapes of different female inmates at CDRF. His acts of sexual depravity lasted more than two years (2016-2018) at CDRF. Ultimately, after many reports of sexual misconduct, Scotti was terminated by LASD and was prosecuted. Scotti received an abysmal sentence of only two years in jail. *See* https://www.latimes.com/california/story/2019-09-26/former-l-a-county-sheriffs-deputy-gets-2-year-prison-sentence-in-inmate-sex-assault-case (last visited 11/15/2021).

19

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

Angeles (CV-21-832-DSF, C.D. Cal.), among others, related to her confinement at CRDF, where she was sexually harassed and raped by a Defendant County of Los Angeles employee. A custody assistant demanded Kroll show him her breasts, forced her to perform oral copulation, and forcibly sexually penetrated her. Kroll also alleged that other Defendant County of Los Angeles employees, namely LASD staff and deputies, viewed these illegal behaviors on surveillance video but took steps to destroy such evidence. These acts were confirmed by an internal investigation by Defendant County of Los Angeles. (This case is still pending in the Central District of California.)

103.    The acts described in paragraphs 97-102 are demonstrative of the fact that Defendant County of Los Angeles failed to take action to prevent sexual harassment and rape inside CRDF for years. Moreover, the *practice* PREA audit that occurred in 2018 (para. 97) clearly shows that Defendant County of Los Angeles is failing to adequately train deputies and secure inmates from sexual harassment and assault – failing 41 out of 43 categories.

**Sexual Assault and Harassment is Systemic Problem within Defendant County of Los Angeles' Jail System**

104.    In 2003, David Barnard was twice assaulted while he was incarcerated at Men's Central Jail in Los Angeles, which is operated by the LASD. Barnard claimed that on the first occasion, he was sexually assaulted by twelve "Southside" gang members during which he claimed he yelled out for help, but because no deputies were on watch, the assault continued unabated. Barnard further asserted that he had been improperly placed in an area with the Southside gang members even though he had informed jail officials that he had been targeted by the gang for violence, as he had also been twice stabbed by gang members. Despite having been ordered to place Barnard in protective custody and in a one-man cell, Defendant County of Los Angeles placed Barnard in the general population and two days later was again sexually assaulted by two of his cell mates because they had heard he "snitched" on the earlier 12 gang members who sexually assaulted him.

105.    In 2011, Jeremy Fogleman alleged that he had been violently beaten by a deputy

**20**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

sheriff while incarcerated at Men's Central Jail. Fogleman reported the beating to a custody Sergeant. As a result of his report, Fogleman was punitively and intentionally transferred to another floor of the jail where gang members are housed. These gang members, learning of Fogleman's report, physically and sexually assaulted him. Fogleman again attempted to report the assaults, but his complaints were ignored by Defendant County of Los Angeles' personnel, and they took no action to investigate his claims. *See Fogleman v. County of Los Angeles*, CV-10-6793-GAF, C.D. Cal.

106.    In 2017, Defendant County of Los Angeles settled a case with Valentino Bocanegra, a male who was dressed as a female at the time of his arrest, after he alleged that he had been sexually assaulted by a fellow inmate while confined at Men's Central Jail in Los Angeles because he had been placed in the general population rather than segregated. Bocanegra alleged that Defendant County of Los Angeles failed to investigate his allegations of sexual assault after it was reported, failed to identify his assailant, and otherwise took no action whatsoever.

107.    In 2013, the Los Angeles County Office of Independent Review issued a report on allegations of abuse in Defendant County of Los Angeles jails. The report includes statements of claims by dozens of inmates who alleged sexual assault at the hands of deputies and other inmates. The report resulted in 65 cases being submitted to the District Attorney's Office for consideration, but 49 of them were declined. Thirty-one cases discussed in the report concerning allegations of excessive force resulted in not a single administrative finding of such. In other words, Defendant County of Los Angeles has made a concerted effort to ignore allegations of systemic and on-going physical and sexual abuse of inmates in its jails, largely refused to discipline any deputy involved in such actions or who failed to protect an inmate being assaulted and has made few to no policy changes which would reduce the number of assaults in Defendant County of Los Angeles' jails. The 2013 report contains, among others, the following accounts of abuse:

(a)    On September 12, 2011, Juan Pablo Reyes signed a declaration stating that he had been sexually assaulted no less than four times in 36 hours after two deputies had physically

**21**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

1    assaulted him. After the assault, two of the deputies moved him to a different module, 3600, and

2    paraded him naked on his newly assigned row before placing him in a cell with three other inmates.

3    According to Reyes, deputies allegedly used the row's PA system to make statements suggesting

4    Reyes was a homosexual. According to Reyes, two of the cellmates began to physically assault him

5    throughout the day and night. He asserts he never left the cell until he fled the following morning.

6    Later, the two cellmates sodomized him multiple times during the night while the third cellmate

7    covered the noise up by repeatedly flushing the cell's toilet. Despite multiple witnesses claiming to

8    hear or see the assaults, including two inmates who admitted to physically assaulting Reyes, the

9    District Attorney declined to file charges and determined the claims were unfounded.

10            (b)     In June 2006, a deputy assaulted and raped Frank Mendoza, a gay inmate, in

11   Twin Towers. Earlier in the day, the same deputy was escorting a line of inmates including Mr.

12   Mendoza and said to them "you all walk like girls." When Mr. Mendoza said to another inmate in

13   the line, "There's a male who's unsure of his masculinity," the deputy grabbed Mr. Mendoza, shoved

14   him against the wall, and threatened him stating, "You better watch it. I will show you my

15   masculinity. I will come get you." Later that day, when the inmates returned to their pod, Mr.

16   Mendoza's cell door was left open. Shortly after the deputy in the tower outside the pod left his post,

17   the deputy who had previously threatened Mr. Mendoza force him into his cell, tore off his clothes,

18   threw him to the ground, shoved a gag in his mouth and raped him. After the rape was over, Mr.

19   Mendoza lay shivering and naked in his cell until another deputy found him and asked what had

20   happened. After Mr. Mendoza reported that he had been raped, the deputy responded, "I do not see

21   anything wrong with you." No LASD personnel interviewed Mr. Mendoza about the incident or

22   took any forensic evidence to investigate whether he had been raped. It was later determined that

23   Mendoza never should have been held in a Defendant County of Los Angeles jail because a warrant

24   that had been issued for failing to appear had been issued in error.

25           108.    Defendant County of Los Angeles has a long and depraved history of abuse of

26   inmates within its jail system and has admitted to failing to conduct PREA audits as required by

**22**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

law. The longstanding history of abuse and the failure to act to prevent or reduce such abuse is evidence that Defendant County of Los Angeles has an official policy of ignoring, ratifying, covering up, and, thereby, encouraging the physical and sexual abuse of inmates within its jail system, including at CRDF.

### SEVENTH CAUSE OF ACTION

### PUBLIC ENTITY LIABILITY – RATIFICATION

### (42 U.S.C. § 1983 - 14th Amendment, U.S. Const.)

### (Against Defendant County of Los Angeles)

109.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

110.     Defendant Deputy Ramos deprived Plaintiff of her First, Eighth, and Fourteenth Amendment rights.

111.     Defendant Deputy Ramos acted under color of state law in so depriving Plaintiff of her First, Eighth, and Fourteenth Amendment rights.

112.     John Barkley acted under color of state law at all times relevant to this First Amended Complaint.

113.     John Barkley is the County's final policymaker with respect to the Century Regional Detention Facility's compliance with the Prison Rape Elimination Act.

114.     John Barkley is aware that the County has not complied with its obligations under the Prison Rape Elimination Act, and John Barkley has approved of this failure. John Barkley continues to approve of this failure. Such approvals are deliberate choices.

115.     John Barkley is the County's final policymaker with respect to the prevention and reporting of sexual abuse of inmates at Century Regional Detention Facility.

116.     John Barkley is aware of the continuing pattern of sexual abuse of detainees and

**23**

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

prisoners at the Century Regional Detention Facility, including but not limited to the abuse that Defendant Ramos inflicted on Plaintiff. John Barkley approves of this continuing pattern of sexual abuse and has not taken steps to stop it. Such approval and failure to act are deliberate choices.

117.   Consequently, the County is liable for Plaintiff's harms as set forth in this First Amended Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as against Defendants as follows, for:

1) Compensatory damages in an amount according to proof at time of trial.

2) Attorney's fees and costs pursuant to all applicable statutes or legal principles, including, but not limited to the 42 U.S.C. § 1988.

3) Costs of suit incurred.

4) Prejudgment interest on all amounts as permitted by law.

5) Post-judgment interest on all amounts as permitted by law.

6) Punitive or exemplary damages against the individual Defendants only. Plaintiff expressly does not seek punitive damages against Defendant County of Los Angeles.

7) Such other and further relief as the Court may deem proper.


**ROMERO LAW, APC**


**Dated: December 1, 2021**                    _____/s/_____
                                               **Alan Romero**
                                               **Edward S. Wells**
                                               **Lucas E. Rowe**
                                               **Yaqi Xie**
                                               **Attorneys for Plaintiff**
                                               **CRISTINA CALDERON RICO**


24

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for Jury Trial and has concurrently posted the jury fee deposit.

ROMERO LAW, APC

Dated: December 1, 2021

/s/

**Alan Romero (SBN 249000)**
**Edward S. Wells (SBN 321696)**
**Lucas Rowe (SBN 298697)**
**Yaqi Xie (SBN 333530)**
**Attorneys for Plaintiff**
**CRISTINA CALDERON RICO**

25

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

     I am a resident of the United States and employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action or proceedings; my business address is 80 S. Lake Avenue, Suite 880, Pasadena, CA 91101, on <u>December 1, 2021</u> I served the following document(s) described as: **UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Pasadena, California, addressed to the following as follows:

| | |
|---|---|
| Blessing Ekpezu, Esq. | bekpezu@hurrellcantrall.com |
| HURRELL CANTRALL | thurrell@hurrellcantrall.com |
| 300 South Grand Avenue, Suite 1300 | jlee@hurrellcantrall.com |
| Los Angeles,  CA 90071 | mgomez@hurrellcantrall.com |

**( )**    **HAND DELIVERY/PERSONAL SERVICE (C.C.P. §§1011, <u>et seq.</u>):**  I caused said document(s) to be personally served on the addressee listed above.

**( )**    **MAIL (C.C.P. §1013(a)):**  I caused said document(s) to be deposited in the United States Mail in a sealed envelope with postage fully prepaid at _____, California, following the ordinary practice at my place of business of collection and processing mail.

**( )**    **FACSIMILE (C.C.P. §§1012.5, <u>et seq.</u>):**  I caused said document(s) to be transmitted to the party or parties listed above at the facsimile number listed above.

**( )**    **EXPRESS MAIL (C.C.P. §§1013(c)(d), <u>et seq.</u>):** I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

**(X)**    **ELECTRONIC MAIL (C.C.P §§1010.6(a)(6)):**  I caused said document(s) to be mailed electronically to the party or parties listed above at the email address listed above.

**(X)**    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**( )**    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on <u>December 1, 2021</u> at Pasadena, California.

                                    Jennifer Sandoval

26

**UNLIMITED FIRST AMENDED COMPLAINT FOR DAMAGES**